Good morning, Your Honors, and may it please the court. My name is Manu Pradhan, and I represent the appellant, Mr. Andres Santana. And before we begin, I'd like to reserve a minute for rebuttal, and I'll try to do so. You want to reserve how much? A minute for rebuttal. All right. But that'll be your whole time. You'll have to help keep track of it. Right. Thank you, Your Honor. The briefs seem to adequately address the due process claim, so I'll focus on jurisdiction and equal protection. And there's two issues. On jurisdiction, although this case meets the Carson test for jurisdiction under 28 U.S.C. 1292A1, Carson does not apply. Instead, jurisdiction is proper because this order falls squarely within the statute. And on the merits, the grant of the motion to dismiss was error because the district court adopted the defendant's unsupported assertions instead of taking the allegations as true and instead of making all reasonable inferences in favor of the plaintiff. So jurisdiction is proper here for three reasons. First, the GE case holds that an order dismissing a claim seeking an injunction falls squarely within the statute. This is just like EGE because this was an on-the-merits dismissal of a claim seeking injunction. Second, Shiatika and its progeny hold that where an order expressly denies injunctive relief, it falls directly under the statute and that Carson does not apply. This was the direct denial of an injunction. The claim specifically requested an injunction. The district court order spent two pages discussing whether Mr. Santana had standing for injunctive relief, and it explicitly denied injunctive relief in that it dismissed the Fourteenth Amendment claims and, quote, limits the potential injunctive relief to the scope of the remaining Eighth Amendment claim. Is that an express denial in this context when there was actually no motion for an injunction and the court's order said we're limiting potential relief to the scope of the remaining claim? Is that an express denial? It is, Your Honor, for, I'd say, two reasons. First of all, at the time GE was decided, this jurisdiction statute, it actually stated that an order was appealable if an injunction was refused upon a hearing. So that actually seems to require a preliminary injunction motion and a hearing, a separate hearing on the motion. Not only does that language no longer exist in the statute, but in GE there was no preliminary injunction motion. And the Court still found that there was jurisdiction because the district court had necessarily decided the same question that would have come up upon a formal application for a preliminary injunction. In addition, the Ninth Circuit cases show that you don't need a separate preliminary injunction motion. In neither in Shea-Attika nor in Page was there a separate stand-alone preliminary injunction motion. And the case found that, and the Court found that in both of those cases there was an express denial. So this is squarely on. Didn't the Court have to say I'm denying an injunction on this claim? Well, Your Honor, I would submit that the Court did so. It was clearly addressing injunctive relief, as evidenced by the fact that it spent two praises under a heading entitled injunctive relief discussing whether Mr. Santana had standing for injunctive relief. And then on under conclusions and order, it explicitly said that 14th, the 14th Amendment claims would be dismissed in their entirety and that the potential injunctive relief would be limited to the scope of the remaining Eighth Amendment claim. The third reason there's jurisdiction is that, I mean, Carson doesn't apply for the reason that I've stated, but to the extent it does, we clearly satisfy it. This case had the district court order had the practical effect of refusing an injunction in that it limited the scope of relief to the Eighth Amendment claims. That is a serious irreparable injury, because even though Mr. Santana could feasibly be granted the right to outdoor exercise, he still continues to be denied a host of other privileges. We're talking about the lack of access to the library, religious services, work opportunities, educational opportunities, regular showers, packages, and so on. Those are serious injuries of constitutional magnitude, and they're ongoing. In the attached to the supplemental declaration were documents that Mr. Santana obtained through a California Public Records Act request. Those documents are admissions, and I direct the Court's attention to Exhibit K, page 4, which is a prison document from March 2010, well after the appeal was filed, showing that the prison locks down Southern Hispanic inmates and that it denies them a series of privileges in the manner just described. So this is not only serious, but it's ongoing, and that really illustrates the third factor, why there's a need for immediate appeal. Mr. Santana could prosecute the Eighth Amendment claim to judgment, but he would still be denied all the other privileges aside from outdoor exercise. Well, I guess I don't understand your jurisdictional argument, then. If this were simply an appeal from an injunction, the other claim would still be there and you could pursue your equal protection claim. I'm not sure I understand your question, Your Honor. You're claiming that this is an appeal from a denial of an injunction? Yes, Your Honor. Are the claims still there, the underlying claims on which you sought the injunction still before the district court? Mr. Santana sought injunctive relief on three bases, equal protection, due process, and the Eighth Amendment. The equal protection and due process claims were dismissed in their entirety, so there's no way he can get an injunction as to the scope of those claims. Injunctive relief is limited only to the narrower Eighth Amendment claim. Right. So why can't you go to the district court right now and ask for a preliminary injunction on the Eighth Amendment claim? He could. He very well could do that, although proceedings have been stayed for the time being. But putting that aside, he could do that. But again, the bulk of his claim, the substantial majority of his claim, has been denied. And to that point, Your Honor, in the Page case, that case also involved only a partial dismissal. There the plaintiff had alleged disparate impact. It was a case involving discrimination in hiring. The plaintiff had alleged a disparate impact theory as well as a disparate treatment that he himself was personally not, I think, hired or promoted for improper reasons. The court in that case granted summary judgment only on the disparate impact theory, leaving aside disparate treatment, and granted injunctive relief only on the disparate impact theory. And the court in that case declined to apply Carson. It instead said that that was an express denial and that jurisdiction was proper. But it granted partial summary judgment in that case, right? That's correct. It granted partially summary judgment, but it didn't. And entered some interim injunctive relief. Correct, Your Honor. Right. So, I mean, that would clearly – we clearly have jurisdiction over that. An injunction was granted. Right. And in this case, an injunction was denied. I mean, the statute doesn't distinguish between refusals and grants of injunctions. Did the defense – I guess, I mean, just to tie off on that, there's – it seems to me there's a difference between an injunction granted or denied and limiting the scope of potential injunctive relief. I take your point that there's a – you know, some of the relief has been denied, but to me there's a little bit of a difference. But anyway, I take your point. Thank you, Your Honor. The defendants argue that Carson has to apply in this case, and that's wrong for reasons I've touched upon, but I'll spell it out in detail. There are two reasons. First, GE is still good law. Defendants have admitted that GE is still good law and that Carson does not apply to express denials of injunctions. Those statements are on page 3 of their reply supporting the motion to dismiss and on page 11 of the answering brief. GE is still good law, and this Court has applied GE even since Carson. That's the Transworld case at page 679. Second, Carson only applies to orders directly refusing – excuse me. Carson only applies when an order does not directly refuse an injunction on its terms, but it nevertheless has the practical effect of doing so. Only when that is the case, when it's a practical effect case, does Carson apply. And again, in both Sciatica and Page, the Court explicitly refused to apply Carson to district court orders dismissing claims – I'm sorry, adjudicating claims on the merits. All right. You have about half a minute left if you want to. Well, I'll thank you. I'll preserve my remaining time. Thank you. Good morning. Jose Zaldan Zepeda, Attorney General's Office for Defendants. May it please the Court. This case presents a garden-variety partial dismissal order, the types of orders that district courts regularly enter in cases in the circuit and that are regularly reviewed by this Court after a final judgment is entered. At this point, an appeal is premature and there is no jurisdiction, and for these reasons, defendants request that the Court dismiss the appeal for lack of jurisdiction. Is there any – ever any request for a 54B certification? No, Your Honor. Plaintiff never requested a 54B certification. I wanted to address plaintiff's argument that the district court's order is appealable because it was an express grant of an injunction. The statute says that interlocutory orders granting, continuing, modifying, refusing, or dissolving injunctions are appealable interlocutorily. The district court's order in this case did not do any of those things because there was never a motion for injunctive relief pending or made by plaintiff in the two years that this case was pending in the district court. All that the district court did is said two of these claims do not state a claim under which relief can be granted, and therefore, by logical extension, plaintiff could not get relief under those two claims. In the real world, all you have to do, if we agreed with you, is to go back and ask for a preliminary injunction, the Court would deny it and we would write back here, right? Practically speaking, yes, Your Honor. The difference would be that the standard of review would be abuse of discretion for the denial of a preliminary injunction. For those reasons, I submit to the court that precisely for that question, Judge Thomas, there is no irreparable harm here, so under the Carson test, which applies even in spite of GE, the plaintiff cannot make a showing under Carson that this case should be reviewed at this point. Right. I mean, I guess what I'm suggesting is maybe we ought to construe the district court order appropriately and then just hear it on the merits and decide whether or not there's irreparable harm. I mean, that's one way to go. And the other way is to say, all right, let's go down and make a motion and the district court can make its finding on irreparable harm and likelihood of success and so forth. And I submit to the court that it would be more appropriate to do the latter course because the jurisdictional statute is to be construed narrowly and the Supreme Court has said we don't want piecemeal litigation. And it would also make it easier for this court to have a record to review. Plaintiff can then make a showing of his allegations why there is irreparable harm under the Hilton v. Bronskill standard for preliminary injunction. And this court can then decide whether an injunction should have been entered at that point. I wanted to address Plaintiff's argument that the GE case applies. The GE case has been modified by the Supreme Court in Carson v. American Brands as at least two other circuits have recognized. In fact, even the Supreme Court in footnote 11 of Carson made clear that GE is not a stand-alone test but instead basically made the same finding under the three prongs of Carson v. American Brands. So, therefore, because there wasn't an express grant or denial of an injunction, this court still has to find that the Carson standards met in order to review this case on an interlocutory basis. I wanted to focus on the last two prongs of the Carson test, specifically irreparable harm and effectively reviewable only at this juncture. For some of the reasons that we've already talked about, Plaintiff will not be irreparably harmed if this case is not reviewed at this point. Plaintiff's litigation history demonstrates that there is no irreparable harm. The case has been pending in the district court for two years. There was never a motion for an injunctive relief made in the district court. Plaintiff's allegations of injunctive relief or where there is irreparable harm amount to speculations that he'll be subject to allegedly unlawful lockdowns, but this is not the first time that Plaintiff has presented any evidence that or any allegations that he's been subject to these allegedly unlawful lockdowns since 2006. The mere allegation of a constitutional injury is not sufficient to confer jurisdiction as this court has found in numerous cases, including by Ho versus San Francisco Unified School District. Secondly, I submit to this court that this case can be effectively reviewed after final judgment. These partial dismissal orders are routinely reviewed by this court after the court enters, the district court enters final judgment in the case. And for the reasons set forth in the answering brief as well, we submit to the court that even if it were to find that there is appellate jurisdiction, it should affirm the district court's partial dismissal order.  If there are no further questions, I submit. Thank you. Thank you. Your Honors, I'll respond only to the point that Mr. Santana did not move for a preliminary injunction in the district court. As set forth in the brief, Mr. Santana had no reasonable opportunity to do so. He, the case was pending before he joined the case. However, discovery had been stayed for almost two years. He joined the case within three months of the prior plaintiff of discovery being reopened and he had no opportunity to obtain any discovery because the motion to dismiss was filed only 30 days after he joined the case. What's the irreparable harm here? The irreparable harm, Your Honor, is that he will be continued to be placed on lockdown. He will continue to suffer racial discrimination at the hands of the State for an ongoing basis. What by certain? Your Honor, I would submit that the documents attached to the supplemental declaration show that. Mr. Santana alleged he was classified Southern Hispanic based on his race and that classification. He was locked down in a cell, denied outdoor exercise, religious services, a variety of. He's not locked down now. Perhaps not at this very moment, Your Honor, but the documents attached to the supplemental to the declaration show that this is an ongoing policy. They also, and as alleged in the complaint, it's these are severe deprivations. He has been on lockdown for up to five months at a time. Those are, I understand. And the defendant argued that just alleging a constitutional injury is not enough. And I take the point that these can be points on a spectrum rather than black and white. But serious racial discrimination at the hands of the State for five months at a time, that is very far on this side of the spectrum. Thank you. Thank you, Your Honor. The case just argued is submitted for decision.
judges: Adelman, Schroeder, Thomas